# EXHIBIT G

# BILL OF SALE

Entered into this 3rd day of May, 2022 at Bensenville, Illinois between:

**SELLER:**

Seller Name: REX TRUCKING INC

Seller Address: 205 W. Grand Ave., Suite 123

City/State/Zip: Bensenville, IL 60106

AND

**BUYER:**

Buyer Name : Jason Glenn Greene

Address: 4412 Waldon Pond PL

City/State/: Corryton , TN 37721

**EQUIPMENT:**

Year:  2022

Make: International

Model:

VIN# 3HSDZTZR5NN298898

**PRICE:**

Sales Price: $135,200.00

Down Payment: $0 (if applicable)

Payments: $650 weekly

Total # of Payments:208

Factory Warranty: Yes

**** PLEASE NOTE, IF ANY REQUIRED DOWN PAYMENT IS NOT MADE WITHIN FIVE (5)  BUSINESS DAYS AFTER THE BILL OF SALE AND LEASE TO PURCHASEAGREEMENTSARE  EXECUTED, THE BILL OF SALE WILL BE AMENDED TO DECLAREZERO DOWNPAYMENT, AND NO DOWN PAYMENT NEED BE ACCEPTED BYSELLER/LESSOR*****

**** AS A CONDITION PRECEDENT TO THIS BILL OF SALE, PURCHASER MUST AGREE TO LEASE THE PURCHASED EQUIPMENT TO SELLER'S MOTOR CARRIER FOR A MINIMUM OF ONE YEAR BEFORE ANY BUY-OUT OF THE LEASE TO PURCHASE CAN BE INITIATED *****

**\*\*\*\*\*TITLE TRANSFER TO TAKE PLACE NO LATER THAN 45 DAYS FROM FINAL PAYOUT OF ALL SUMS DUE UNDER THE BILL OF SALE AND THE ATTACHED EQUIPMENT LEASE AGREEMENT. SELLER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE AS TO LEASED EQUIPMENT.\*\*\*\*\***

_[signature]_                                                             DocuSigned by: _[signature]_
                                                                                    F068262C1BD04A9...

**SELLER / LESSOR SIGNATURE**                     **BUYER/LESSEE SIGNATURE**

VLADIMIR ILIC                                                     Jason Glenn Greene

**SELLER/LESSOR PRINTED NAME**                 **BUYER/LESSEE PRINTED NAME**

**IN THE STATE OF ILLINOIS:**

**COUNTY OF DU PAGE:**

The above-referenced parties, personally present before me, did set their hands and seals to the foregoing document this **3rd** day of **May**, 2022 at B**e**nsenville, Illinois.

_____(SEAL)

**Notary Public, State of Illinois**

**My Keaton Commission Expires:\_\_/_____/\_\_\_\_\_**

# EQUIPMENT LEASE TO PURCHASE AGREEMENT

This **EQUIPMENT LEASE AGREEMENT** is hereby entered on this **3rd** day of **May**, **2022** between **Jason Glenn Greene** SS#/**FEIN:** and REX TRUCKING INC, a CORPORATION organized under the laws of the State of Illinois ("Lessor"). Lessor and Lessee shall collectively be known here in as "the Parties".

**WITNESSETH:**

**WHEREAS,** Lessor is the owner of certain tangible personal property further described below and desirous of leasing same to Lessee on the terms and under the conditions as contained herein ; and WHEREAS , Lessee is desirous of leasing the certain tangible personal property further described below from Lessor on the terms and under the conditions as contained herein;
WHEREFORE, for good consideration and mutual promises, the Parties, intending to be legally bound hereby, agree and contract as follows:

**Leased Equipment:**

Lessor hereby leases to Lessee, and Lessee hereby leases from Lessor, the following described equipment (the "Leased Equipment"):
**Year: 2022  Make: International VIN#3HSDZTZR5NN298898**

**Description of Services:**

The following services are to be provided by Lessor to Lessee under this equipment Lease agreement: setup equipment at lessee's place of business no later than 30 days after the date of execution of this contract.

**Lease Terms:**

This lease agreement shall be for a term of **208** weeks, commencing on **05/13/2022**. At the end of this lease term, provided Lessee has complied with all terms of this Lease, and has made all payments as agreed (or otherwise settled the account IN FULL) Lessee shall have the option to purchase the Leased Equipment for $ 1.00.

**Lease Payments:**

Lease payments shall be **$650** week. The initial down payment due upon execution is **$0 (if applicable)** with the first payment due **05/13/2022**. Under this lease agreement a total of **208** weekly payments in the amount of **$650** shall be due to Lessor from Lessee. After the first monthly payment Lessee shall continue making lease payments every week with payment due on the same day of each subsequent month or week as the first payment.

**Lessor's Direction for Delivery of Lease Payments:**

Lessee shall pay to Lessor all payment by way of automatic deduction from weekly revenue statement. If, in any week, Lessee shall not work, the payment for that week shall still be due, creating a negative statement balance that shall be deducted on the next revenue statement following the negative week.

Lessor may hereafter change these directions to Lessee for delivery of lease payments by serving Lessee with written notice containing new payment instructions.

Lessee is obligated to exclusively haul loads for Lessor's Motor Carrier during the Lease period and until such time as all payments under this agreement have been timely made or at Lessee's termination of the agreement and return of the equipment, in good order and repair, to Lessor. If Lessee elects to terminate their lease (stop hauling for Lessor's Motor Carrier) then Lessee shall have the option to purchase the equipment, out right, for the full amount then due under the Lease plus any amounts still due to the Lessor's Motor Carrier as a result of the previous hauling contracts (including, but not limited to, advances, efs, fuel, IFTA, toll violations) within fifteen (15) working days. Only CERTIFIED FUNDS for the "buy-out" will be acceptable.

**Delivery of Leased Equipment:**

Lessee is to take delivery of the leased equipment on or after **05/03/2022** at the Lessor's direction as to location to take delivery.

**Payment Terms for Leased Equipment:**

Lessee shall pay to Lessor, **12%** commission on all loads as offered to Lessee under this agreement, and as a working contractor at Lessor's Motor Carrier. Should Lessor have to make any repairs to the unit, based on Lessee's failure to do so, those sums will be deducted from Lessee's revenue statements or be deducted from any sums held by the Motor Carrier at termination of the Lease Agreement (by Lessor or Lessee) or at Pay-Off of the Leased Equipment.

.

**Restriction Upon Use:**

Lessee shall use the Leased Equipment, including GPS Tracking System, in a careful and proper manner and shall comply with and conform to all national,state,municipal,police and other laws,ordinances and regulations in any way relating to the possession, use or maintenance of the Leased Equipment. In addition, under this contract agreement, Lessee will not remove GPS Tracking device and will comply with company policy and procedures.

**Repairs:**

Lessee, at its own cost and expense, shall keep the Equipment in good repair, condition and working order and shall furnish any and all parts, mechanisms and devices required to keep the Leased Equipment in good mechanical working order unless a manufacturer warranty is provided for at the time of this Lease. Then, and only then, any repairs, parts, mechanisms or devices that are required will be covered under the warranty, to whatever extent is possible, and Lessee is required to pay and/all amounts due above and beyond the warranty coverage.

**Warranty:**

**LESSOR DISCLAIMS ANY AND ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE.** If a warranty exists from the manufacturer of the Leased Equipment, Lessor shares its rights to said warranty with Lessee for the duration of the Lease Period through the expiration of the manufacturer's warranty if the Leased Equipment is not fully paid or bough out, and if the Lessee is in "good financial standing" with Lessor.

**Loss and Damage:**

Lessee hereby assumes and shall bear the entire risk of loss and damage to the Equipment from any and every cause whatsoever. No loss or damage to the Equipment or any part thereof shall impair any obligation of Lessee under this Lease which shall continue in full force and effect through the term of the Lease. In the event of loss or damage of any kind whatsoever to the Equipment, Lessee shall, at Lessor's option:

(I)   Place the same in good repair, condition and working order; or
(II)  Replace the same with like equipment in good repair, condition and working order, or
(III) Pay to Lessor the replacement cost of the Equipment.

**Insurance:**

If the vehicle/Lessee is involved in any "total loss" accident during the lease term, all amounts still due to Lessor shall be satisfied first. If there is any excess money after what is due to Lessor, the same shall be paid out to Lessee and the contract shall be terminated due to impossibility to complete any future performance of stated terms. If the vehicle/Lessee is involved in any accident which is less than a total loss, then Lessee shall pay any deductible due to the insurance company from Lessor, and Lessor shall fix the unit with any insurance monies paid. Lessor shall fix the unit so as to be in as good as condition as the unit was in prior to the loss, but shall not be obligated to fix the unit so as to add any additional value in the unit then what was previously the value.

**Indemnity of Lessor against third-party claims**:
Lessee shall indemnify Lessor against, and hold Lessor harmless from, any and all actions, suits, proceedings, costs, expenses, damages and liabilities, including reasonable attorney's fees and costs, arising out of third-party claims against Lessor that are in any way connected to Lessee's use or possession of the Leased Equipment.

**Taxes and Fees:**

Lessee shall pay, when due, all taxes and fees imposed by government agencies relating to the Leased Equipment. If Lessor has paid any tax or fine relative to the Lease Equipment, Lessee agrees to reimburse Lessor upon demand for the amount of taxes so paid plus interest at 18% annul from the date Lessor paid for same.

**Surrender:**

Upon the early termination of this Lease, Lessee shall return the Leased Equipment to Lessor in good repair, condition and working order, ordinary wear and tear resulting from proper use thereof

alone excepted, by delivering the Leased Equipment at Lessee's cost and expense to such place as Lessor shall specify within a reasonable distance of the location same was delivered to Lessee. At the time of early termination, all payments made towards the purchase shall be converted to "rental payments" and shall be retained, in full, by Lessor. If Lessor must arrange to repossess the equipment because Lessee has not returned the same upon termination, then the cost that Lessor bears to recover the Leased Equipment shall be the sole expense of Lessee. Furthermore, any legal costs (court costs and attorney fees) required to enforce Lessor's rights to the Leased Equipment and/or the recovery of said Equipment, shall be the sole cost of Lessee regardless of the outcome of any litigation needed.

Should the Lessee surrender the Leased Equipment in less than good repair, condition, and working order, Lessee shall be liable to Lessor for all expenses to recondition the Leased Equipment to good repair, condition and working order; same as when the Leased Equipment was delivered to Lessee.

**Default:**

If Lessee fails to make any lease payment or pay any other amount herein provided for within ten ( 10 ) days after same is due to Lessor, or if Lessee fails to observe, keep or perform any other provision of this Lease required to be observed, kept or performed by Lessee, Lessor may, but is not required, to give written notice to Lessee of the default. Lessee, at Lessor's option, shall then have ten (10) days from the date of receipt of notice from Lessor to cure the default (Cure Period) and, if the default is not cured, Lessor shall then have the right to exercise any one or more of the following remedies:
(I) to sue Lessee for all lease payments, interest, penalties, taxes, or other amounts payable under this Lease, then accrued or thereafter accruing;
(II) To take possession of the Leased Equipment, without demand or notice, wherever same may be located, without any court order or other process of law. Lessee hereby waives any and all damages occasioned by such taking of possession;
   (III)  To terminate this lease or to pursue any other remedy at law or in equity.

Should Lessor elect to repossess the Leased Equipment, Lessee shall be liable to Lessor for all costs and expenses associated with such repossession. If the Lessor takes possession of the Leased Equipment prior to expiration of the Leased Term, Lessee shall continue to be liable for the contractual lease payments due under this equipment lease agreement. Lessor shall make a good faith effort to re-lease or sell the Leased Equipment upon taking possession.
  A. **Acceleration of Lease Payments**. Should Lessee default, fail to cure the default prior to expiration of the Cure Period, and Lessor take possession of the Leased Equipment prior to expiration of the Lease Term ( or Has made a written demand upon Lessee for return of the Leased Equipment and Lessee has failed to comply ), all payments due to Lessor during the life of this equipment lease agreement shall be accelerated, this becoming immediately due and payable by Lessee to Lessor as of the date of expiration of the u re Period. This shall be known as the "Acceleration Clause ".
  B. **Present Value Discount of Accelerated Lease Payments**. Should the Acceleration Clause apply, the amount payable by Lessee under the Acceleration Clause shall be discounted from the future due date of the lease payment ( as originally required under the lease agreement ) to the present value at the date of collection by Lessor using a discount rate of 8%.
  C. **Re-Lease or Sale of Leased Equipment after Repossession**. Should Lessor find a new lessee or buyer of the Leased Equipment prior the expiration of the Lease Term, any payments received from the new lessee or buyer during the Lease Term shall be first netted against

Lessor's expenses incurred effecting the rental or sale of the Lease Equipment, and then offset against amounts owed by Lessee to Lessor under this equipment Lease Agreement. Should the amount collected by Lessor from any new lessee or buyer of the Leased Equipment (after net of releasing or sales expenses) exceed the amount then owed by Lessee to Lessor, the excess ( if any ) shall be refunded to Lessee. Any amounts received by Lessor through release or sale of the Leased Equipment **after** expiration of the Lease Term shall not be offset against amounts owed by Lessee to Lessor under this lease agreement and shall not otherwise be refunded to Lessee.

All of Lessor's remedies are cumulative, and may be exercised concurrently or separately.

**Attorney Fees and Expenses:**

Lessee shall indemnify Lessor for all out-of-pocket expenses, including attorney's fees, incurred by Lessor in enforcing any of its rights under this Lease Agreement including the taking, holding, reconditioning, preparing for sale or lease, and selling ore releasing of the Leased Equipment.

**Joint and Several Liabilities:**

If there is more than one Lessee (of if the Lessee is a Corporation) all lessees hereby agree to be jointly and severally liable for any breach of the terms of this Equipment Lease.

**Bankruptcy:**

Neither this Lease, nor any interest there in, is assignable or transferable by operation of law. If any proceeding under the Bankruptcy Act, as amended, is commenced by or against the Lessee, or if the Lessee is adjudged insolvent, or if Lessee makes any assignment for the benefit of his creditors, or if a writ of attachment or execution is levied on the Equipment and is not released or satisfied within ten ( 10 ) days thereafter, or if a receiver is appointed in any proceeding or action to which the Lessee is a party with authority to take possession or control of the Equipment, Lessor shall have and may exercise any one or more of the remedies set forth herein; and this Lease shall, at the option of the lessor, without notice, immediately terminate and shall not be treated as an asset of Lessee after the exercise of said option.

**Ownership:**

The Equipment is, and shall at all times be and remain, the sole and exclusive property of Lessor; and the Lessee shall have no right, title or interest therein or thereto except as expressly set forth in this Lease until each and every term of the Equipment Lease is completed and a transfer of ownership can be effected.

**Assignment:**

Lessee shall not assign its interest in this Lease or in the Leased Equipment without the prior written consent of Lessor. Lessee is to retain possession of the Leased Equipment at all times during the life of this lease agreement except upon demand of surrender by Lessor or repossession by Lessor. Lessor shall have the unilateral right to assign its interest in this lease to a third-party.

**Additional Documents:**

If Lessor shall so request, Lessee shall execute and deliver to Lessor such documents as Lessor shall deem necessary or desirable for purposes of recording or filing to protect the interest of Lessor in the Equipment including, but not limited to UCC financing statement.

**Notices:**

Service of all notices under this Agreement shall be sufficient if given personally or mailed certified, return receipt requested, postage prepaid, at the address hereinafter set forth, or to such address as such party may provide in writing from time to time.

**Integration:**

This Agreement sets forth the entire agreement between the Parties with regard to the subject matter hereof. All prior agreements, and covenants, express or implied, oral or written, with respect to the subject matter hereof, are hereby superseded by this agreement. This is an integrated agreement.

**Severability:**

In the event any provision of this Agreement is deemed to be void, invalid, or unenforceable, that provision shall be severed from the remainder of this agreement so as not to cause the invalidity or unenforceability of the remainder of this Agreement. All remaining provision of this Agreement shall then continue in full force and effect. If any provision shall be deemed invalid due to its scope or breadth, such provision shall be deemed valid to the extent of the scope and breadth permitted by law.

**Modification:**

Except as otherwise provided in this document, this Agreement may be modified, superseded, or voided *only* upon the written and signed Agreement of the Parties. Further, the physical destruction or loss of this document shall not be constructed as modification or termination of the agreement contained herein.

**Acknowledgments:**

Each party acknowledges that he or she had an adequate opportunity to read and study this Agreement, to consider it, and to consult with an attorney if he/she does so desire. Each party understands and acknowledges that this is a legally binding agreement and that they are entering into the same with full knowledge of all of the terms, conditions and covenants contained herein.

**Exclusive Jurisdiction for Suit:**

The parties entering into this agreement submit to personal jurisdiction in Du Page or Cook County, Illinois for adjudication or any disputes and/or claims between the parties under this agreement. Furthermore, the parties hereby agree that the courts of Du Page County or Cook County, Illinois(at Lessor's choice) shall have exclusive jurisdiction over any disputes between parties relative to this agreement, whether said dispute sounds in contract, tort, or other areas in the law.

**State Law:**

This Agreement shall be constructed under the laws of the State of Illinois.

**Statement of Personal Guarantee:**

The undersigned acknowledges that by signing this contract, whether signing in their individual name or that of their own corporation of limited liability company, that they are obligated both personally and through their company or limited liability company for the faithful performance of all covenants contained herein; and that the Lessor can bring suit against the signing party individually and/or corporately. Signing below indicates acceptance of a personal guarantee to perform.

**IN WITHESS WHEROF**, and acknowledging acceptance and agreement to the foregoing. **LESSOR** and **LESSEE** affix their signature hereto as of the date written on page 1 hereof:

| LESSOR | LESSEE |
|---|---|
| _[signature]_ | _[DocuSigned by: F068262C1BD04A9...]_ |
| Authorized representative | Owner/Operator |
| **REX TRUCKING INC** | |

Address: 3308 Bluebell Ln
City/State: Knoxville TN
Phone#: 8653482200
SSN: ▇▇▇▇▇▇▇▇

In the State of Illinois:
County of Du Page: _____

The above parties, personally present before me, did set their hands and seals to the foregoing document this **3rd** day of **May 2022** at Bensenville, Illinois._____

(SEAL)

Notary Public, State of Illinois
My Commission Expires: ___/___/_____

5/3/2022