IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY ATKINSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SUPER EGO HOLDING LLC, <br><br> Defendants. | Case No. 1:22-cv-04127 <br><br> Hon. Martha Pacold <br><br> Magistrate Hon. M. David Weisman |

**DEFENDANTS' SUPPLEMENTAL BRIEF ADDRESSING PROCEDURAL REMEDIES FOR ISSUES OF JOINDER AND MISJOINDER**

Pursuant to this Court's Minute Entry entered on July 18, 2024 (Dkt. 136), Defendants Super Ego Holding LLC, Floyd, Inc., Kordun Express, Inc., Rocket Expediting LLC, Jordan Holdings, Inc., Rex Trucking, Inc., Haidar Dawood, LLC, and Aleksandar Mimic (collectively, "Defendants"), by and through undersigned counsel, hereby submit the foregoing supplemental brief concerning whether issues of joinder and misjoinder can be addressed through a motion to dismiss under Fed. R. Civ. P. 12(b). Under Seventh Circuit and Northern District of Illinois case law, it is procedurally improper to address issues of misjoinder through a motion to dismiss under Fed. R. Civ. P. 12(b).

**I.     RELEVANT PROCEDURAL HISTORY**

Plaintiffs initiated the instant action on August 5, 2022. On October 26, 2023, Plaintiffs sought leave to file a Second Amended Complaint in this action (the "Motion for Leave"). (Dkt. 72). The Second Amended Complaint evidently sought to add eight new parties—including three new defendants and five new plaintiffs—to this lawsuit. However, Defendants did not contemporaneously file a motion to add new plaintiff and defendants demonstrating the

requirements for adding parties. Defendants opposed the filing of the Second Amended Complaint because, in relevant part, Plaintiffs sought to join eight new parties to this lawsuit without first seeking the Court's permission or demonstrating the requirements for joinder under Fed. R. Civ. P. 20. (Dkt. 85). Thus, Defendants have not had an opportunity to respond to the grounds for joinder or adding parties to the litigation, to the extent any such grounds exist. During the July 18, 2024 status conference, the Court requested that the parties each submit supplemental briefs addressing whether it is procedurally proper to evaluate claims of misjoinder through the filing of a motion to dismiss under Fed. R. Civ. P. 12(b). (Dkt. 136).

## II. APPLICABLE LAW

### A. A plaintiff seeking to join parties should first satisfy Rule 20(a) and Rule 21.

Rule 20(a) provides a mechanism for permissive joinder of plaintiffs if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all those persons will arise in the action." Fed. R. Civ. P. 20(a). Thus, for parties to be properly joined in an action, the moving party must satisfy *both* of the aforementioned requirements of Rule 20(a). *Bailey v. Northern Tr. Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000).

Further, a plaintiff seeking to add parties must generally first file a motion under Rule 21 seeking the Court's permission to do so. *See Curwick v. Ford Motor Co.*, No. 98 C 3755, 1998 WL 887067, at *1-2 (N.D. Ill. Dec. 10, 1998). Rule 21 provides that, "[on] motion or on its own, the court may at any time, *on just terms*, add or drop a party." Fed. R. Civ. P. 21 (emphasis supplied). In order to add parties, the Rule 21 motion must demonstrate the requirements under Rule 20(a) for joinder. *See id.*, at *5 (denying motion to add parties where plaintiffs failed to establish requirements of Rule 20(a)).

**B.     In the event of misjoinder, a motion to sever can remedy misjoinder.**

The proper procedural vehicle to seek remedy for misjoinder is a motion to sever the claims against that party. *See Roadget Bus. PTE. Ltd. v. Individuals*, No. 23 C 17036, 2024 WL 1858592, at *7 (N.D. Ill. Apr. 29, 2024) (granting motion to sever claims against improperly joined defendants). In the event of an improper joinder of parties, "Rule 21 authorizes the court to dismiss any misjoined party or claim at any stage of a lawsuit." *Bailey*, 196 F.R.D. at 515. Where a plaintiff unilaterally adds parties without first filing a motion with a court, the added parties are subject to severance of dismissal without prejudice where the requirements of Rule 20(a) are not met. *See Martinez v. Haleas*, No. 07 C 6112, 2010 WL 1337555, at *4 (N.D. Ill. Mar. 30, 2010).

**C.     Issues of misjoinder cannot be addressed through a motion to dismiss under Rule 12(b).**

The Seventh Circuit and courts in the Northern District of Illinois have held that it is inappropriate to address issues of joinder and misjoinder through a motion to dismiss under Rule 12(b). *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 856 (7th Cir. 2018); *Wilson v. Peslak*, No. 04 C 2345, 2005 WL 1227316, *1 (N.D. Ill. May 12, 2005) ("misjoinder of parties is not a ground for dismissal of an action) (internal citations and quotations omitted); *Mansoori v. Patel*, No. 17-cv-08846, 2022 WL 683667, *2 (N.D. Ill. Mar. 8, 2022) (finding defendants' motion to dismiss to be an unsuitable procedural remedy for addressing improperly joined defendants); *United States v. E. I. du Pont de Nemours & Co.*, 13 F.R.D. 490, 493 (N.D. Ill. 1953) ("Misjoinder of parties is not ground for dismissal of an action."). In *Lovell*, the Seventh Circuit held, among other things, that the proper remedy for misjoinder is severance of a party or dismissal of a party without prejudice under Fed. R. Civ. P. 21. *Lovell*, 888 F.3d at 864 Thus, Seventh Circuit precedent provides that Rule 12(b) motions to dismiss seeking dismissal with prejudice are not a proper procedural mechanism to address issues of misjoinder.

**D. Plaintiffs should be required to first demonstrate the requirements for whether joinder is proper at this stage in the litigation.**

In the instant matter, Plaintiffs have also failed to submit a Rule 21 motion demonstrating the requirements of Rule 20(a) for adding eight new parties to the case. Importantly, even absent a motion by Defendants, this Court possesses the authority to evaluate issues of joinder on its own—particularly when the case is ongoing and there is a risk of improper filings. *See Estee Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 186 (N.D. Ill. 2020) ("But it is appropriate for federal courts to raise improper joinder on their own, especially when the sheer number of defendants waves a joinder red flag and ups the chances that the plaintiff should be paying separate filing fees for separate cases.").

In light of Plaintiffs' delayed attempt to add *eight* new parties to litigation that began over two years ago, Defendants request that the Court: (1) direct Plaintiffs to file a motion under Rule 21, and (2) provide Defendants an opportunity to respond to the grounds for adding parties, to the extent any such grounds exist. Indeed, this Court has recognized holding a decision in abeyance to request further clarification on issues of joinder and allow the Court to engage in sua sponte consideration of the matter. *See id.* at 184, 190 (holding in abeyance ruling on plaintiff's motion for temporary restraining order until plaintiff filed memorandum explaining why joinder of each defendant is proper).

### III. CONCLUSION

In light of the foregoing, Defendants respectfully request that Plaintiffs' Motion for Leave to File a Second Amended Complaint be denied with prejudice; or in the alternative, that the Court's ruling on Plaintiffs' Motion for Leave be held in abeyance until Plaintiff files a Rule 20 motion outlining its basis for joinder, after which Defendants respectfully seek an opportunity to file a response.

4

Dated: August 1, 2024                      Respectfully Submitted,

                                              /s/ *David M. Krueger*
Margo Wolf O'Donnell (6225758)
modonnell@beneschlaw.com
David M. Krueger (OH #0085072)
dkrueger@beneschlaw.com
Jordan J. Call (6340589)
jcall@beneschlaw.com
P. Alexander Ehler (6341583)
paehler@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
71 S. Wacker Drive, Suite 1600 Chicago, Illinois 60606-2211
Telephone: 312.212.4982
Facsimile: 312.767.9192
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that they caused a true and correct copy of the foregoing *Defendants' Supplemental Brief Addressing Procedural Remedies For Issues Of Joinder and Misjoinder* to be served upon all parties by this Court's ECF system, this 1st day of August 2024.

*/s/ David M. Krueger*
David M. Krueger
