**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LARRY ATKINSON, et al., on behalf of themselves and other similarly situated, | ) | CASE NO. 22-CV-04127 |
| Plaintiffs, | ) | JUDGE MARTH M. PACOLD |
| vs. | ) | MAGISTRATE JUDGE M. DAVID WEISMAN |
| SUPER EGO HOLDING LLC, et al., | ) | |
| Defendants. | ) | **DEFENDANTS' RULE 72 OBJECTION TO MAGISTRATE JUDGE'S ORDER AND MOTION FOR STAY** |

Pursuant to Federal Rule of Civil Procedure 72(a), Defendants object in part to the Order entered by Magistrate Judge Weisman on July 21, 2026. (the "Order"; Dkt. No. 322.) Defendants object to the Order as it relates to Plaintiffs' request to take depositions beyond the ten permitted by the Federal Rules of Civil Procedure. Because the Order requires that these depositions proceed, (Order, p. 7), Defendants also move for a stay of the ordered depositions pending resolution of this Objection. Defendants do not object to Magistrate Judge Weisman's Order as to the topics of 30(b)(6) depositions or the alex@egoexpress.net email account. (Order, pp. 1-6.)

Plaintiffs have argued, and the Order appears to agree, that a past agreement by Defendants to a particular slate and schedule of more than ten depositions remains binding on Defendants such that Plaintiffs may now take a different number of depositions from different deponents than previously agreed to. But this was an agreement to permit Plaintiffs to take a discrete quantity of depositions from specific deponents that was made to avoid unnecessary motion practice. It was not a concession that Plaintiffs were entitled to take as many depositions as they would like from anyone they would like. Thus, Plaintiffs needed to satisfy the applicable framework to now add

David Henry and Mary Brown to its list of deponents. As Plaintiffs have failed to do so, the Order should be reversed on this issue.

Similarly, Defendants seek a stay of the Order as to these depositions pending ruling on this Objection. Rule 72 objections place the objecting party between a rock and a hard place. Objecting does not automatically stay the order. But complying with the order moots the objection, and simply refusing to comply with an order without a stay risks violating the Order. Recognizing this dilemma, courts may grant stays of Magistrates' orders during the pendency of a Rule 72 objection. Defendants ask the Court to do so here.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) permits a party to object to a Magistrate's ruling on non-dispositive motions and ask a district judge to "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Rulings on discovery matters are the sort of non-dispositive ruling contemplated by the rule. *Charvat v. Travel Servs.*, 110 F. Supp. 3d 894, 896 (N.D. Ill. 2015). Although magistrate judges enjoy broad discretion in controlling discovery, a ruling may be properly disturbed if it is clearly erroneous or contrary to law. *Id.*

Making a Rule 72 objection does not, however, automatically stay a party's obligation to comply with a magistrate judge's order. *Emerus Hosp. Partners, LLC v. Health Care Serv. Corp.*, No. 13 C 8906, 2015 WL 13950106, at *1 n.2 (N.D. Ill. Sept. 8, 2015). Rather, the objecting party must independently seek a stay of the order, as compliance with a discovery order moots any objection to it. *In re Abubakar*, 696 F. Supp. 3d 479, 490 (N.D. Ill. 2023). Failure to comply with a discovery order absent a stay risks discovery sanctions as permitted by the Federal Rules of Civil Procedure. *Tarkowski v. Pennzoil Co.*, 100 F.R.D. 37, at *41 (N.D. Ill. 1983).

## II. ARGUMENT

### *A. The Parties' Prior Agreement Cannot be Expanded Beyond its Proper Scope.*

Much of the facts surrounding Defendants' prior deposition agreement with Plaintiffs is detailed in Defendants' Response in Opposition to Plaintiffs' Motion to Compel Email Communications and Leave to take Seventeen Depositions. (The "Opposition"; Dkt. No. 307, pp. 4-5.) At a high level, Plaintiffs approached Defendants last year with a long list of prospective deponents. (*Id.*, p. 4.) The Parties negotiated and agreed to consolidate certain individual and 30(b)(6) depositions, resulting in a total of eleven days of depositions. (*Id.*) This agreement ultimately brought Plaintiffs' depositions very close to the normal total time for depositions permitted under the rules (ten days) and was comprised of a set slate of deponents.

Neither David Henry nor Mary Brown were on that list. (*Id.*, Ex. B, Aug. 26, 2025 Email from C. Wilmes to D. Krueger.) As Defendants noted in their opposition, to the extent that there was an "agreement" to depose David Henry, it was an agreement only to hold open a date for the deposition, with Defendants reserving all objections. (*Id.*, Ex. F, Oct. 23, 2025 Email from D. Krueger to C. Wilmes.)

The Parties' prior agreement was not an "admission that Plaintiffs have an actual need for more than 10 depositions." (Order, p. 6; Opposition, p. 5.) At no point did Defendants concede Plaintiffs actually satisfied the legal requirements to be permitted to take more than ten depositions. Defendants were not, by agreeing to that particular slate of deponents and schedule of depositions, conceding that Plaintiffs had shown a particular need to exceed the ten-deposition cap. Rather, Defendants were making a small concession to avoid protracted motion practice. (*Id.*)

Likewise, Defendants confirm that the present dispute is not Defendants reneging on their prior agreement. (Order, p. 6; Opposition, p. 6.) Had Plaintiffs approached Defendants and asked to resume depositions with the same deponents, similarly consolidated, Defendants would not have

disputed the request. But Plaintiffs did not do that. Instead, they treated the Agreement, as the Order does, as simply an agreement "to allow Plaintiffs to take more than 10 depositions." (Order, p. 6.) In doing so, Plaintiffs and the Order ignore the actual scope of the agreement.

Certainly, parties to litigation may stipulate to modify "the procedures governing or limiting discovery." Fed. R. Civ. P. 29(b). But stipulating to conduct discovery in a manner that deviates from the rules under limited circumstances does not absolve a party of complying with the rules in perpetuity. Rather, stipulations are interpreted through the lens of the law of contracts. *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2008 WL 687220, at *3 (N.D. Ill. Mar. 10, 2008) (analyzing stipulation on scope of expert discovery through contract law). Accordingly, courts interpreting Rule 29 stipulations must give effect to the entire agreement of the parties.

Here, Defendants agreed to a discrete quantity of depositions for specific deponents. (Opposition, Ex. B.) Although Plaintiffs sought to add David Henry as a deponent after the agreement was made, Defendants objected and reserved those objections. (Opposition, Ex. F.) Nothing in the emails constituting the Parties' agreement evidences a scope beyond this specific framework. Expanding that agreement to permit Plaintiffs to take more depositions for new deponents impermissibly expands its scope. *AMTAX Holdings 436, LLC v. Full Circle Villagebrook GP, LLC*, No. 23-CV-14409, 2024 WL 3043171, at *4 (N.D. Ill. June 18, 2024), *aff'd,* No. 24-3169, 2026 WL 1587752 (7th Cir. June 3, 2026) (contracts "must be enforced as written, and no court can rewrite a contract to provide a better bargain to suit one of the parties."). To do so is contrary to the law of contracts established by this Court such that the Order should be reversed as to its interpretation of the Parties' prior agreement.

### ***B. Plaintiffs Have Not Shown a Particularized Need for David Henry and Mary Brown's Depositions.***

The Order suggests that Plaintiffs have shown a particularized need for David Henry's and Mary Brown's depositions because some 30(b)(6) deponents representing a small number of Defendants have not known the intricate workings of certain third-party services facilitated by Super Ego Holding, LLC. (Order, p. 7.) As Defendants argued in their Opposition, Plaintiffs will likely be able to secure this testimony from the depositions of Super Ego Holding, LLC ("Super Ego") and Floyd, Inc. ("Floyd"). (Opposition, p. 7.) Defendants also identified relevant caselaw from this Court holding that Plaintiffs' argument—that the few witnesses they've deposed thus far haven't had the information they want—does not give rise to a particularized need because parties are "forced to speculate as to the importance and value of going beyond the 10-deposition limit," and "it is difficult to establish necessity for such a departure when opportunities to take depositions without leave of court remain." (*Id.* (quoting *PeopleFlo Mfg., Inc. v. Sundyne, LLC*, 2022 WL 1062706, at *2 (N.D. Ill. Apr. 8, 2022). The Order does not address this argument or authority.

Instead, the Order premised the Plaintiffs' particularized showing on the relevance of the deponents sought and the uncertainty as to whether gaps in testimony would exist after the remaining scheduled depositions are completed. (Order, p. 7.) But relevance is not the standard for taking depositions above the ten-deposition limit imposed by Rule 30. *PeopleFlo Mfg., Inc. v. Sundyne, LLC*, 2022 WL 1062706, at *2 (N.D. Ill. Apr. 8, 2022) (noting that while PeopleFlo left "little doubt that [the sought-after deponents] can testify to a great deal of relevant information, PeopleFlo has not taken the next step to explain why that relevant testimony is 'critical' to resolving the claims and defenses in this case"). In allowing these depositions, the Order departs from the standard by which a party must make a particularized showing of need. (*Id.*) But the very fact that Plaintiffs can get this testimony from party witnesses gives rise to the exact sort of

speculation and uncertainty contemplated by this Court in *PeopleFlo*, rendering the information sought unreasonably cumulative.

Plaintiffs have not shown a particularized need to take the depositions of Mary Brown and David Henry. Plaintiffs identify Mary Brown as having worked for CH Robinson, a freight broker, as Defendants' account manager. (Plaintiffs' Motion to Compel Production of Defendant Mimic's Email Communications and for Leave to Take a Total of Seventeen Depositions, Dkt. No. 291, p. 11 (the "Motion).) As Plaintiffs admit in their Motion, they already have Ms. Brown's thoughts about the quality of Defendants' dispatching practices in writing. *See Lohmeier v. Gottlieb Mem. Hosp.*, 2021 WL 5005722, at *4 (N.D. Ill. Oct. 28, 2021) (finding no prejudice in the inability to depose an individual when the individual's testimony was duplicative with their emails produced during discovery). Nothing in the Motion suggests she would have any sort of detailed insight into Defendants' operations beyond those evidenced in her emails. Likewise, Plaintiffs identify David Henry as the former Chief Financial Officer for Floyd. (Motion, p. 4.) They hope he will provide detailed information on Defendants' corporate structures and operations. (*Id.*, pp. 10-11.) But Plaintiffs' basis for seeking to depose Mr. Henry runs afoul of *PeopleFlo*: they "have not [yet] been able to obtain reliable testimony" on these topics. (*Id.*, p. 10.) All the information that Plaintiffs seek from these witnesses will almost certainly be made available to them in due course from not-yet-deposed party witnesses.

Plaintiffs have deliberately chosen to delay certain depositions, only to use the lack of that yet-to-be-obtained testimony as the basis for their "particularized showing" of need to take additional depositions. In their operative pleading, Plaintiffs accuse Super Ego of owning and controlling the other corporate defendants, and they allege that Defendant Aleksandar Mimic controls Super Ego. (Third Amended Complaint, Dkt. No. 203, ¶¶ 159, 21.) Plaintiffs have sought

to depose them last. (Opposition, Ex. B.) If Plaintiffs' theory is correct, these depositions will lead to much of the information that Plaintiffs seek. The issue is not that Plaintiffs cannot get the information they seek without additional depositions; Plaintiffs are holding certain depositions for the end of discovery and using an inherent consequence of that strategy—that certain information will not be available until the end of discovery—in an attempt to justify two additional depositions they do not need.

Accordingly, the Order should be reversed as to its finding of Plaintiffs' particularized need and the requirement to proceed with David Henry and Mary Brown's depositions.

### *C. A Stay is Proper Lest Defendants be Forced to Choose Between Waiver and Violating the Order.*

Defendants' Objection does not automatically stay its present obligation to comply with the Order. If Defendants comply, they waive this Objection as moot. If Defendants do not, they face violating the Order. The remedy to this legal dilemma is a stay of the Order pending resolution of the Objection.

When considering a stay pending ruling on an objection to a magistrate's order, courts apply the traditional four-factor test for stays used in this Circuit. *Johnson & Johnson v. Advanced Inventory Mgmt., Inc.*, No. 20 CV 3471, 2020 WL 5097076, at *1 (N.D. Ill. Aug. 28, 2020). That is, the party must show (1) a likelihood of success on the merits, (2) irreparable injury absent a stay, (3) lack of substantial prejudice to plaintiffs, and (4) that the stay will serve the public interest. *Id.*

Here, Defendants have shown that the Order is contrary to both the law of contracts and discovery jurisprudence of this Court. Absent a stay, Defendants' choice is to comply, and in so doing waive its Objection, or violate the Order. If Defendants comply, the deposition testimony will exist, and that bell cannot be unrung. The only other option is to disobey the Order, which is,

of course, not a viable option. Plaintiffs will not be prejudiced by a brief stay, as they are currently working through the numerous depositions already calendared, including those for Super Ego and Floyd (which may moot any possible need for the contested depositions), and Plaintiffs can proceed with these in the interim. The public interest of avoiding unnecessary and duplicative proceedings would be served here, as the non-party business associates of Defendants would not need to be brought in to discuss information that can be supplied by party deponents.

## III. CONCLUSION

On the narrow issues discussed above, the Order is contrary to the law of this Court and the Seventh Circuit. Accordingly, the Order should be reversed as to the depositions of David Henry and Mary Brown. So that this issue may be adjudicated without the pressure to comply or face sanctions, the Court should also grant a stay of the Order as to these depositions.

Respectfully submitted,

*/s/ David M. Krueger*

DAVID M. KRUEGER (OH Bar No. 0085072)
JAMES R. BEDELL (admitted *pro hac vice*)
LAURYN T. ROBINSON (admitted *pro hac vice*)
DAVID M. WALTERS (admitted *pro hac vice*)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: dkrueger@beneschlaw.com
jbedell@beneschlaw.com
lrobinson@beneschlaw.com
dwalters@beneschlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2026 a copy of the foregoing *Defendants' Rule 72 Objection to Magistrate Judge's Order and Motion for Stay* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ David M. Krueger*
One of the Attorneys for Defendants